# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Lucas v. Prisoner Review Board, 2013 IL App (2d) 110698**

---

| | |
|---|---|
| Appellate Court Caption | SHAUN B. LUCAS, Plaintiff-Appellant, v. PRISONER REVIEW BOARD; KENNETH D. TUPY, Freedom of Information Officer, Prisoner Review Board; and LISA WEITEKAMP, Freedom of Information Officer, The Department of Corrections, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-11-0698 |
| Filed | October 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed the complaint of a convicted sex offender against the Prisoner Review Board and freedom of information officers of the Board and the Department of Corrections, alleging violations of the Freedom of Information Act based on the failure of the Board and the Department to release documents plaintiff sought, including documents in his "master file" held by the Department, since the records plaintiff sought were exempt from disclosure under the Act. |
| Decision Under Review | Appeal from the Circuit Court of Lee County, No. 10-MR-66; the Hon. Daniel A. Fish and the Hon. Jacquelyn D. Ackert, Judges, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Shaun B. Lucas, of Bridgeview, appellant *pro se*.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Timothy K. McPike, Assistant Attorney General, of counsel), for appellees.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.

Justices Hudson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Shaun B. Lucas, appeals from the trial court's June 22, 2011, order dismissing, with prejudice, his complaint against defendants, the Prisoner Review Board (PRB), Kenneth D. Tupy, and Lisa Weitekamp, alleging violations of the Illinois Freedom of Information Act (FOIA). 5 ILCS 140/1.1 *et seq.* (West 2010). We affirm.

¶ 2                          I. BACKGROUND

¶ 3     On April 9, 1999, Lucas was convicted of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 1998)). He was sentenced to a term of 12½ years' imprisonment in the Illinois Department of Corrections (DOC). As part of a prerelease sex-offender evaluation, a report was generated that included an excerpt from a letter written by the fiancé of the victim. The letter was originally sent to the PRB. The PRB forwarded a copy to the DOC and it was placed in Lucas's "master file."

¶ 4     Lucas then decided to sue the letter's author for libel. On August 18, 2010, Lucas filed under the FOIA a request that the PRB allow him to inspect "[a]ny and all progress reports submitted to the [PRB] via [the DOC] Clinical Services." Additionally, he requested that he be allowed to inspect "[o]bjection letters from the victim, her fiancé, relatives and friends, and from the State."

¶ 5     In response, Tupy, the PRB's information officer, denied the first request pursuant to sections 1610.30(b)(1)(A) and (b)(2) of title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 1610.30(b)(1)(A), (b)(2) (1985)). Section 1610.30(b)(1)(A) provides that the PRB can deny evidence to inmates where the evidence is specifically found to include information that, if disclosed, would damage the therapeutic relationship between the inmate and a mental health professional. Additionally, section 1610.30(b)(2) provides that the PRB will not provide direct access to any documents submitted to it that bear the signature of a mental health professional or clinical services employee of the DOC.

¶ 6     Tupy denied the second request pursuant to section 1610.30(b)(1)(B) of title 20 of the

Illinois Administrative Code (20 Ill. Adm. Code 1610.30(b)(1)(B) (1985)) and section 7 of the FOIA (5 ILCS 140/7(1)(a), 7(1)(c)(vii), (7)(1)(e) (West 2010)). Tupy's response stated that "section 7(1)(a) provides the information is specifically prohibited from disclosure by federal or state law or rules and regulations adopted under federal or state law."

¶ 7 Additionally, on August 18, Lucas requested that the DOC provide him a copy of the victim's objection letter, which had been forwarded to the DOC from the PRB. On August 25, Weitekamp, the DOC's information officer, denied Lucas's request for the objection letter pursuant to section 3-5-1(b) of the Unified Code of Corrections (Corrections Code), which provides that "[a]ll files shall be confidential and access shall be limited to authorized personnel of the respective Department. Personnel of other correctional, welfare or law enforcement agencies may have access to files under rules and regulations of the respective Department." 730 ILCS 5/3-5-1(b) (West 2010). Weitekamp also relied on section 7(1)(a) of the FOIA, which exempts from inspection and copying "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations adopted under federal or State law." 5 ILCS 140/7(1)(a) (West 2010).

¶ 8 Lucas filed a four-count complaint in the trial court, seeking: (1) a declaratory judgment that the objection letter was not exempt from production under the FOIA and was accessible to Lucas as a public record (count I); (2) a declaratory judgment that the clinical services report was not exempt from production under the FOIA and that Lucas had a right to review the document (count II); (3) injunctive relief stating that Lucas was entitled to inspect and copy all public records (count III); and (4) a writ of *mandamus* ordering defendants to provide the requested documents for Lucas to review, copy, or challenge (count IV). He also sought monetary damages, attorney fees, and reimbursement of costs. Regarding the letter, Lucas sought "full disclosure of this record for the purpose of initiating civil litigation against it's [*sic*] author for the common law tort of libel." Further, Lucas asserted that "[t]his information is necessary to the prosecution of [his] suit for libel, both to perfect his claims and for the identification of any real parties in interest" in order to "deliver summons to the author." In his complaint, Lucas quoted extensively from the "objection letter" sent by "John/Jane Doe."

¶ 9 On February 7, 2011, pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2010)), defendants moved for dismissal under sections 2-615 and 2-619 of the Code. See 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2010) (section 2-619.1 providing for combined motions seeking relief under sections 2-615 and 2-619).

¶ 10 On February 9, Lucas's motion for substitution of judge as a matter of right was granted. On June 22, arguments on defendants' motion to dismiss were heard; the motion was granted and Lucas's complaint was dismissed in its entirety with prejudice.

¶ 11 Lucas timely appealed.

¶ 12                                    II. ANALYSIS

¶ 13 Defendants sought dismissal pursuant to section 2-615 and section 2-619 of the Code. "A section 2-615 motion attacks the legal sufficiency of the plaintiff's claims, while a section 2-619 motion admits the legal sufficiency of the claims but raises defects, defenses, or other

affirmative matter, appearing on the face of the complaint or established by external submissions, that defeats the action." *Aurelius v. State Farm Fire & Casualty Co.*, 384 Ill. App. 3d 969, 972-73 (2008). As explained below, we conclude that the complaint was subject to dismissal under section 2-619, based on the affirmative matter that the records requested were exempt from disclosure under the FOIA (5 ILCS 140/7 (West 2010)). Accordingly, we need not consider the legal sufficiency of the complaint. See *Aurelius*, 384 Ill. App. 3d at 978.

¶ 14    Section 2-619 provides in pertinent part:

"(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

* * *

(9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010).

A dismissal pursuant to section 2-619 is reviewed *de novo*. *Central Laborers' Pension Fund v. Nicholas & Associates, Inc.*, 2011 IL App (2d) 100125, ¶ 16. When reviewing an order granting dismissal on this basis, we may consider all facts presented in the pleadings, affidavits, and depositions found in the record, and the pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. *Id.* This court may affirm the trial court's grant of a section 2-619 motion on any proper basis found in the record. *CNA International, Inc. v. Baer*, 2012 IL App (1st) 112174, ¶¶ 31, 47.

¶ 15    Whether the records are exempt from disclosure under the FOIA (5 ILCS 140/7 (West 2010)), as defendants claim, is a matter of statutory construction, and our review proceeds *de novo*. *Stern v. Wheaton-Warrenville Community Unit School District 200*, 233 Ill. 2d 396, 404 (2009). Where, as here, the requesting party challenges the public body's denial of a FOIA request, the public body must demonstrate that the records requested fall within the claimed exemption. *Id.* at 406; see 5 ILCS 140/11(f) (West 2010) ("Any public body that asserts that a record is exempt from disclosure has the burden of proving that it is exempt by clear and convincing evidence.").

¶ 16    Lucas's arguments conflate the two separate documents requested (clinical services report and objection letter), even though different considerations apply to each. We will differentiate between the two for the purposes of our analysis.


¶ 17                                A. Clinical Services Report

¶ 18    Under section 3(a) of the FOIA, the PRB is obligated to disclose the report to Lucas, "except as otherwise provided in Section 7 of this Act." 5 ILCS 140/3(a) (West 2010). Section 7(1)(a) provides an exemption for "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law." 5 ILCS 140/7(1)(a) (West 2010).

¶ 19    In turn, section 1610.30(b)(1)(A) of title 20 of the Illinois Administrative Code prohibits

disclosure of the report if it includes the signature of a mental health or clinical services employee of the DOC.

¶ 20    Further, section 1610.30(b)(2) provides:

"An inmate who wishes to review a document submitted to the Board which bears the signature of a mental health or clinical services employee of the Department of Corrections must request that review through the Department of Corrections pursuant to Department Regulations (20 Ill. Adm. Code 107). The Board will not provide direct access to any documents in this category." 20 Ill. Adm. Code 1610.30(b)(2) (2013).

Section 107.310(a) provides: "The master record files of offenders shall be confidential and access shall be limited to authorized persons. Offenders shall not be permitted access to their master record files except as expressly permitted by law, including this Subpart." 20 Ill. Adm. Code 107.310(a) (2013).

¶ 21    The PRB's denial of Lucas's request for the "progress reports submitted to the [PRB] via [the DOC] Clinical Services" was proper under section 3-5-1(b) of the Corrections Code, which, as noted, states that "[a]ll files shall be confidential and access shall be limited to authorized personnel of the respective Department. Personnel of other correctional, welfare or law enforcement agencies may have access to files under rules and regulations of the respective Department." 730 ILCS 5/3-5-1(b) (West 2010). Further, the denial was proper pursuant to the FOIA because, as a matter of law, the documents sought are completely exempt from disclosure under section 1610.30(b)(2) of title 20 of the Illinois Administrative Code, in that they include the signature of a mental health or clinical services employee of the DOC.

¶ 22    Lucas argues that, "whenever possible," section 107.310(a) must be read *in pari materia* with statutes. He concludes that "the legislature hasn't 'specifically prohibit[ed]' inmates from accessing their masterfiles." However, this court in *Holloway v. Meyer*, 311 Ill. App. 3d 818 (2000), recognized that, while the FOIA created a general right of access to public records and included no specific limitation on an inmate's ability to exercise his right, section 3-7-2(e) of the Corrections Code (730 ILCS 5/3-7-2(e) (West 1998)) contained more specific provisions, and, to the extent that it conflicted with the FOIA, it applied to limit the inmate's right of access. See *Meyer*, 311 Ill. App. 3d at 824 (the FOIA was not controlling in that context). Here, in addition to DOC regulations, section 3-5-1(b) of the Corrections Code provides that all master record files "shall be confidential and access shall be limited to authorized personnel." 730 ILCS 5/3-5-1(b) (West 2010). Lucas cites to nothing that refutes the holding in *Meyer*. Any claim that the FOIA, the general statute, controls over the Corrections Code, the specific statute, lacks merit.

¶ 23    We determine that access was limited to authorized personnel and that disclosure of the clinical services report was prohibited by the FOIA. Applying *Meyer*'s reasoning, we hold that the denial of the request was proper and that the trial court correctly dismissed Lucas's claim.

¶ 24                                    B. Objection Letter

¶ 25    Section 10(b) of the Open Parole Hearings Act provides that a "victim may enter a

statement either oral, written, on video tape, or other electronic means in the form and manner described by the Prisoner Review Board to be considered at the time of a parole consideration hearing." 730 ILCS 105/10(b) (West 2010). Lucas makes lengthy arguments regarding defendants' denials of his requests for the letter contained in his "master file." Despite his assertions that he was not given access to his file, common sense tells us that the contents of the letter were disclosed to him, since he quoted it extensively in his complaint. He averred that he sought specifically the name and address of the letter's author and/or the address of the victim, in order to initiate and perfect his claims in a libel lawsuit against the letter's author, and for the "identification of any real parties in interest" in order to "deliver summons to the author."

¶ 26    As stated above, section 3-5-1(b) of the Corrections Code provides that all files shall be confidential with access limited to authorized personnel of the DOC. Personnel of other correctional, welfare, or law enforcement agencies may have access to files under rules and regulations of the DOC. 730 ILCS 5/3-5-1(b) (West 2010). Section 7(1) of the FOIA provides that "[w]hen a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt." 5 ILCS 140/7(1) (West 2010). The remaining information is then available for inspection and copying. Section 7(1)(d)(vi) provides:

"Subject to this requirement, the following shall be exempt from inspection and copying:

(d) Records in the possession of any public body created in the course of administrative enforcement proceedings, and any law enforcement or correctional agency for law enforcement purposes, but only to the extent that disclosure would:

* * *

(vi) endanger the life or physical safety of law enforcement personnel or any other person." 5 ILCS 140/7(1)(d)(vi) (West 2010).

Further, section 1610.30(b)(1)(B) of title 20 of the Illinois Administrative Code allows access to records by the inmate *unless* the evidence is specifically found to "[s]ubject any person to the actual risk of physical harm." 20 Ill. Adm. Code 1610.30(b)(1)(B) (1985). The redacted material here appears to be only the name and address of the author of the letter, although the record does not include a copy of the letter itself. However, contained within Lucas's complaint are purported quotations from the letter indicating that the victim had received threats from Lucas; that the victim was afraid that Lucas would "come after" her when he was released; and that he wanted the name and address of the author. Thus, Lucas's complaint is that the name and address of the author of the letter and/or the address of the victim were redacted from the letter provided him, and he asserts that this was in error. Under these circumstances, no error occurred.

¶ 27    We do not have the letter to review, and "[w]here it is alleged that the evidence presented was actually insufficient to support the court's finding, the burden of preserving said evidence rests with the party who appeals from said order." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984). As noted above, Lucas's complaint purports to quote the letter verbatim, and his request for the author's name and address, ostensibly to file a civil lawsuit against

the author, was properly denied pursuant to section 1610.30(b)(1)(B).

¶ 28 We determine that defendants met their burden and proved by clear and convincing evidence that the letter was exempt. Therefore, the trial court's dismissal under section 2-619 was correct.

¶ 29                               C. Appointment of Attorney and Fees

¶ 30 Lucas argues that the trial court abused its discretion when it refused to appoint counsel on appeal and ordered him to pay a reduced filing fee. While the trial court has the discretion to appoint an attorney to represent an indigent prisoner in a civil suit, there is no right to appointed counsel in civil cases that do not concern confinement. *Newsome v. Prisoner Review Board*, 333 Ill. App. 3d 917, 922 (2002). We agree with defendants that Lucas's FOIA claims are civil and do not concern the length or conditions of his confinement. Therefore, he has no right to the appointment of counsel to represent him. See *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 54 (an inmate has no constitutional right to the appointment of counsel in a *mandamus* case). The trial court did not abuse its discretion, and we will not overturn its decision.

¶ 31 Lucas complains that the trial court abused its discretion when it ordered him to "pay a reduced filing fee even though he was indigent." Leave to prosecute an action as a poor person is within the sound discretion of the trial court, subject to reversal only when such discretion has been abused. *Dear v. Locke*, 128 Ill. App. 2d 356, 362 (1970). We determine that the trial court did not abuse its discretion where the trial court granted Lucas almost a complete waiver of fees, charging him only $64 in filing fees.

¶ 32                               D. Prisoner Review Board

¶ 33 Finally, we address Lucas's argument that, "as a matter of law, the PRB isn't a law enforcement agency or correctional agency." Citing sections 3-3-1(a) and 3-3-2 of the Corrections Code (730 ILCS 5/3-3-1(a), 3-3-2 (West 2010)), he concludes that the PRB "isn't given law enforcement powers, so records can't be in its possession" for law enforcement purposes. This argument fails because, under section 3-3-1(a)(5), the PRB has the authority to set conditions for parole and mandatory supervised release and to maintain files, records, and documents formerly under the control of the now-abolished "Parole and Pardon Board." See 730 ILCS 5/3-3-1(a)(5), 3-3-2(a)(3) (West 2010).

¶ 34                               III. CONCLUSION

¶ 35 For the reasons stated, the judgment of the circuit court of Lee County is affirmed.

¶ 36 Affirmed.