NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190293-U

NO. 4-19-0293

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 18, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| SAMUEL GAYDEN, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) | No. 18MR449 |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Brian T. Otwell, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the trial court properly dismissed plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2016)), where the documents plaintiff requested from the Illinois Department of Corrections were exempt from disclosure.

¶ 2    In June 2018, plaintiff, Samuel Gayden, an inmate currently incarcerated at Menard Correctional Center, filed a complaint for declaratory judgment and injunctive relief against defendant, the Illinois Department of Corrections (DOC), pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2016)), requesting the trial court find DOC in violation of FOIA and order DOC to release the documents in relation to his FOIA request.

¶ 3    In September 2018, DOC filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619 (West 2016)), arguing the records

plaintiff requested were exempt from disclosure pursuant to section 7(1)(a) of FOIA (5 ILCS 140/7(1)(a) (West 2016)) and section 3-5-1 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/3-5-1 (West 2016)). In April 2019, the trial court entered a written order granting DOC's motion.

¶ 4        Plaintiff appeals *pro se*, arguing the trial court erred in granting DOC's motion to dismiss. We affirm.

¶ 5                                I. BACKGROUND

¶ 6        In June 2018, plaintiff filed a complaint for declaratory judgment and injunctive relief pursuant to FOIA, requesting the trial court find DOC in violation of FOIA and order DOC to release the documents in relation to his FOIA request. Specifically, plaintiff sought: "(1) a certified copy of the arrest warrant issued by plaintiff's parole officer on September 11, 2010; (2) a certified copy of plaintiff's parole violation report sheet that was never tendered; [and] (3) a copy of plaintiff's parole plans from November 6, 2009."

¶ 7        In September 2018, DOC filed a motion and supporting memorandum of law seeking dismissal of plaintiff's complaint with prejudice pursuant to section 2-619 of the Civil Code. DOC argued the records requested by plaintiff fell under the exemption set forth in section 7(1)(a) of FOIA, as they were a part of plaintiff's master record file (see 730 ILCS 5/3-5-1(a) (West 2016)). DOC noted plaintiff's master record file was confidential, which limited access to authorized DOC personnel (see 730 ILCS 5/3-5-1(b) (West 2016); 20 Ill. Adm. Code 107.310(a) (2016)), and further argued plaintiff "fail[ed] to cite to any statute or regulation expressly permitting access to his parole arrest warrant, parole violation report, and parole plans contained in his master record file."

¶ 8        In January 2019, plaintiff filed a response to DOC's motion to dismiss, asserting

DOC's motion should be denied "because section 7(1)(a) constitutes an unconstitutional

delegation of legislative power in violation of Section I Article IV of [the] Illinois Constitution,

1970," and DOC's argument related to "the [C]orrections [C]ode having precedence over the

FOIA *** [was] without merit: and raised no 'affirmative matter' that defeats [plaintiff's]

claim."

¶ 9        In April 2019, the trial court entered a written order granting DOC's motion to

dismiss with prejudice. The court found "the requested records are confidential under 730 ILCS

5/3-5-1 and therefore exempt from disclosure under FOIA. As such, Plaintiff's Complaint

against *** IDOC is barred by the affirmative matter that the requested records are exempt from

disclosure and this affirmative matter negates Plaintiff's cause of action completely."

¶ 10       This appeal followed.

¶ 11                             II. ANALYSIS

¶ 12       On appeal, plaintiff challenges the trial court's grant of DOC's motion to dismiss

pursuant to section 2-619 of the Civil Code. Specifically, plaintiff asserts (1) DOC failed to

establish an affirmative matter defeating his claim and (2) the arrest warrant contained in his

master record file was not exempt from disclosure under FOIA.

¶ 13       DOC responds, arguing the trial court's dismissal was proper as plaintiff's FOIA

request was "barred by the Corrections Code, which prevents disclosure of prisoners' master

record files."

¶ 14       "A motion brought pursuant to section 2-619 admits the sufficiency of the

complaint, but asserts an affirmative defense or other matter that avoids or defeats that claim."

*Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29, 28 N.E.3d 727. "The purpose of a motion to dismiss

- 3 -

under section 2-619 *** is to afford litigants a means to dispose of issues of law and easily proved issues of fact at the outset of a case." *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178, 874 N.E.2d 1, 7 (2007). "When ruling on a section 2-619 motion to dismiss, a court interprets all pleadings and supporting documents in the light most favorable to the nonmoving party." *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 18, 978 N.E.2d 1020. "A dismissal pursuant to section 2-619 is reviewed *de novo*." *Lucas v. Prisoner Review Board*, 2013 IL App (2d) 110698. ¶ 14, 999 N.E.2d 365.

¶ 15      "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Bank of New York Mellon v. Laskowski*, 2018 IL 121995, ¶ 12, 104 N.E.3d 1145. " 'When the language is unambiguous, the statute must be applied as written without resorting to other aids of construction.' " *Howard v. Weitekamp*, 2015 IL App (4th) 150037, ¶ 14, 57 N.E.3d 499 (quoting *Moore v. Green*, 219 Ill. 2d 470, 479, 848 N.E.2d 1015, 1020 (2006)). " '[W]here there exists a general statutory provision and a specific statutory provision, either in the same or another act, which both relate to the same subject, the specific provision controls and should be applied.' " *Id.* ¶ 17 (quoting *People v. Villarreal*, 152 Ill. 2d 368, 379, 604 N.E.2d 923, 928 (1992)).

¶ 16      The principal law governing the inspection of public records in Illinois is FOIA, which states, "All records in the custody or possession of a public body are presumed to be open to inspection or copying." 5 ILCS 140/1.2 (West 2016). "Each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Sections 7 and 8.5 of [FOIA]." 5 ILCS 140/3(a) (West 2016). In pertinent part, section 7(1) provides the following:

"(1) When a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt. The public body shall make the remaining information available for inspection and copying. Subject to this requirement, the following shall be exempt from inspection and copying:

(a) Information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law." 5 ILCS 140/7(1)(a) (West 2016)

¶ 17    Section 3-5-1(a) of the Corrections Code provides that DOC "shall maintain a master record file on each person committed to it," which includes, in relevant part: (1) "all information from the committing court"; (2) "reports of disciplinary infractions and disposition, including tickets and Administrative Review Board action"; (3) any parole "plans" and "reports"; (4) a committed person's "criminal history"; and (5) "other information that the respective Department determines is relevant to the secure confinement and rehabilitation of the committed person." 730 ILCS 5/3-5-1(a)(1), (5), (6), (7), (9), (13) (West 2016). Section 107.310 of Title 20 of the Illinois Administrative Code (Administrative Code) provides, "The master record files of offenders shall be confidential and access shall be limited to authorized persons. Offenders shall not be permitted access to their master record files except as expressly permitted by law, including this Subpart." 20 Ill. Adm. Code 107.310(a) (2016); see also 730 ILCS 5/3-5-1(b)

(West 2016) ("All [master record] files shall be confidential and access shall be limited to authorized personnel of the respective Department.").

¶ 18    Here, DOC properly denied plaintiff's request seeking access to the "parole issued arrest warrant" contained in his master record file. As previously stated, section 3-5-1(b) of the Corrections Code provides, "All [master record] files shall be confidential and access shall be limited to authorized personnel of the respective Department." 730 ILCS 5/3-5-1(b) (West 2016). Further, the file plaintiff sought was exempt from disclosure under section 107.310 of Title 20 of the Administrative Code, in that "[o]ffenders shall not be permitted access to their master record files *except as expressly permitted by law*, including this Subpart." (Emphasis added.) 20 Ill. Adm. Code 107.310(a) (2016). Plaintiff does not cite to any statute or regulation expressly permitting access to an inmate's master record file. Rather, plaintiff asserts DOC's argument "hinges upon the ill-founded proposition that the more specific provisions of section 3-5-1(b) of the [Corrections Code] control over the general provisions of the [FOIA]."

¶ 19    However, this court has recognized that "where there exists a general statutory provision and a specific statutory provision, either in the same or another act, which both relate to the same subject, the specific provision controls and should be applied." (Internal quotation marks omitted.) *Weitekamp*, 2015 IL App (4th) 150037, ¶ 17. "Although FOIA created a general right of access to public records, section 3-5-1(b) of the [Corrections] Code (730 ILCS 5/3-5-1(b) (West 2012)) and section 107.310(a) of Title 20 of the Administrative Code (20 Ill. Adm. Code 107.310(a) (2013)) control as they contain more specific provisions, which limit an inmate's right of access." *Id.*; see also *Lucas*, 2013 IL App (2d) 110698, ¶ 22 ("Any claim that the FOIA, the general statute, controls over the Corrections Code, the specific statute, lacks merit.").

¶ 20        Here, as the more specific provisions of the Corrections Code limiting a committed person's right of access control over the general provisions of FOIA, DOC properly denied plaintiff's request seeking access to the "parole issued arrest warrant" contained in his master record file pursuant to section 3-5-1(b) of the Corrections Code and section 107.310(a) of Title 20 of the Administrative Code. Thus, the trial court properly granted DOC's section 2-619 motion to dismiss.

¶ 21                                    III. CONCLUSION

¶ 22        For the reasons stated, we affirm the trial court's judgment.

¶ 23        Affirmed.