2016 IL App (3d) 140838

Opinion filed April 18, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| PEORIA JOURNAL STAR and MATT BUEDEL, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiffs-Appellees, | ) ) | |
| | ) | Appeal No. 3-14-0838 |
| v. | ) | Circuit No. 14-MR-288 |
| | ) | |
| The CITY OF PEORIA, | ) ) | The Honorable Michael P. McCuskey, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Carter concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiffs Peoria Journal Star and Matt Buedel filed a request, pursuant to the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2012)), seeking from defendant City of Peoria (City) all special reports written by Sergeant Kerrie Davis of the Peoria Police Department in 2013.  The City responded by providing plaintiffs a copy of one report but refused to provide another report written by Davis, asserting that it was exempt from disclosure under FOIA.  Plaintiffs filed a complaint for declaratory and injunctive relief, seeking an order compelling the City to release the undisclosed report.  Plaintiffs filed a motion for summary

judgment, which the trial court granted, finding that the City failed to establish that the report was exempt under FOIA. We affirm.

¶ 2                                                    FACTS

¶ 3        On September 9, 2013, plaintiffs Peoria Journal Star, a newspaper, and Matt Buedel, a crime reporter for the paper, filed a FOIA request with the City, seeking "[a]ll special reports written by Sgt. Kerrie Davis in 2013, including any documents detailing the on-the-clock activities of the Target Offender Unit." The City responded, indicating that two reports were prepared by Davis: one dated July 12, 2013, and one dated August 21, 2013. The City provided plaintiffs a copy of the August 21, 2013 report but refused to provide the July 12, 2013 report, asserting that it was exempt from disclosure under sections 7(1)(d)(i) and (ii) and 7(1)(n) of FOIA (5 ILCS 140/7(1)(d)(i), (ii), 7(1)(n) (West 2012)).

¶ 4        Plaintiffs asked the Illinois Attorney General's Public Access Bureau (Bureau) to determine if the City's denial complied with FOIA. After reviewing written arguments by both parties, as well as the report itself, the Bureau issued a written opinion finding that sections 7(1)(d)(i) and (ii) and 7(1)(n) of FOIA did not exempt the report from disclosure. Nevertheless, the City continued to withhold the report from plaintiffs.

¶ 5        In April 2014, plaintiffs filed a complaint against the City for declaratory and injunctive relief, seeking an order compelling the City to release the report. Plaintiffs also filed a motion for an order compelling defendant to provide an index of withheld documents. The City filed an index of records withheld, stating that the special report of Davis dated July 12, 2013 "is a report of an employee grievance and served as the factual basis which initiated two internal disciplinary cases against two officers of the Peoria Police Department." The City delivered a copy of the report to the court for an *in camera* inspection.

¶ 6        In August 2014, the trial court issued an order in favor of plaintiffs, finding that the City failed to meet its burden of proving that the report was exempt from disclosure. The City filed a motion to set aside the court's order, which the trial court granted.

¶ 7        The City then filed a brief, asserting that the report was exempt under FOIA because it was (1) created in the course of an administrative enforcement proceeding and would have interfered with a pending law enforcement proceeding, and (2) related to a public body's adjudication of employee grievances or disciplinary cases. Attached to the brief was an affidavit from Todd Green, Lieutenant of the City Police Department's Professional Standards Division, stating that the July 12, 2013 report was created as a grievance against employees and that based on the report, formal disciplinary adjudications were conducted.

¶ 8        Plaintiffs filed a motion for summary judgment, arguing that the City failed to meet its burden of proving that the report is exempt under section 7(1)(n) of FOIA. The trial court granted plaintiffs' motion, holding that "the City has failed to meet its burden of proving by clear and convincing evidence that the Special Report is exempt under Section 7(1)(n)."

¶ 9                                    ANALYSIS

¶ 10        Under FOIA, "public records are presumed to be open and accessible." *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 407 (1997); see also 5 ILCS 140/1.2 (West 2012) ("All records in the custody or possession of a public body are presumed to be open to inspection or copying."). Section 1 of FOIA provides:

> "Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as

3

public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." 5 ILCS 140/1 (West 2012).

¶ 11 Based on the legislature's clearly stated intent, FOIA's exemptions are to be read narrowly. *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 463 (2003); *Lieber*, 176 Ill. 2d at 407. When a public body receives a request for information, it must comply with the request unless one of the narrow statutory exemptions applies. *Illinois Education Ass'n*, 204 Ill. 2d at 463; *Lieber*, 176 Ill. 2d at 407.

¶ 12 The public body has the burden of proving by clear and convincing evidence that a record falls within a claimed exemption. 5 ILCS 140/1.2 (West 2012). To meet this burden, the public body must provide a detailed justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversarial testing. *Illinois Education Ass'n*, 204 Ill. 2d at 464.

¶ 13 FOIA's exemptions are set forth in section 7. See 5 ILCS 140/7 (West 2012). Section 7(1)(n) provides an exemption for "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases." 5 ILCS 140/7(1)(n) (West 2012). FOIA does not define "adjudication;" however, it is "generally understood to involve a formalized legal process that results in a final and enforceable decision." *Kalven v. City of Chicago*, 2014 IL App (1st) 121846, ¶ 13. Additionally, the phrase "relating to" must be read narrowly and in light of FOIA's purpose to generally provide open access to public records. *Id*. ¶ 22.

4

¶ 14   A complaint or grievance is part of an investigatory process that is separate and distinct from a disciplinary adjudication. *Id.* ¶ 14. A complaint or grievance initiates an investigative process; any disciplinary adjudication that may take place as a result of the investigation comes later. *Id.* ¶ 20. Even if a substantiated complaint or grievance results in disciplinary proceedings being instituted, the complaint or grievance does not fall within the section 7(1)(n) exemption because the disciplinary proceedings "are a different matter entirely." *Id.*

¶ 15   Here, the City asserts that the report at issue falls under section 7(1)(n) of FOIA. In its pleadings, the City described the document as "a report of an employee grievance and served as the factual basis which initiated two internal disciplinary cases against two officers of the Peoria Police Department." Further, according to Green's affidavit, formal disciplinary adjudications were conducted "based on the report."

¶ 16   The report constituted a grievance that was investigated, substantiated and ultimately resulted in disciplinary proceedings. However, the report was created well before any adjudication took place and existed independent of any adjudication. That the report later led to disciplinary action against two officers is insufficient to make it exempt under FOIA. See *Kalven*, 2014 IL App (1st) 121846, ¶¶ 14, 20. The trial court correctly ruled that the City did not meet its burden of establishing that the report came within FOIA's section 7(1)(n) exemption.

¶ 17                         CONCLUSION

¶ 18   The judgment of the circuit court of Peoria County is affirmed.

¶ 19   Affirmed.

5