# Illinois Official Reports

## Appellate Court

***Rushton v. Department of Corrections***, 2019 IL App (4th) 180206

| | |
|---|---|
| Appellate Court Caption | BRUCE RUSHTON and THE ILLINOIS TIMES, Plaintiffs-Appellants, v. THE DEPARTMENT OF CORRECTIONS and JOHN R. BALDWIN, in His Official Capacity as Director of Corrections, Defendants-Appellees (Wexford Health Sources, Inc., a Florida Corporation, Intervenor-Appellee). |
| District & No. | Fourth District<br>Docket No. 4-18-0206 |
| Filed | January 8, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 17-MR-324; the Hon. Brian T. Otwell, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Donald M. Craven, of Donald M. Craven, P.C., of Springfield, for appellants.<br><br>No brief filed for appellees.<br><br>Andrew DeVooght and Nina Ruvinsky, of Loeb & Loeb LLP, of Chicago, and Andrew Ramage, of Brown, Hay & Stephens, LLP, of Springfield, for intervenor-appellee. |

| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion. |
| | Presiding Justice Holder White and Justice Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1 Wexford Health Sources, Inc. (Wexford), provides medical, dental, vision, pharmaceutical, and mental health services to prisoners in the Department of Corrections (Department). In August 2015, Wexford entered into a confidential settlement agreement with the estate of a prisoner who allegedly died from inadequate medical care. Later that month, Bruce Rushton and the Illinois Times (plaintiffs) filed a freedom of information request pursuant to the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2014)) in which plaintiffs requested a copy from the Department of Wexford's settlement agreement.

¶ 2 In September 2015, the Department requested an unredacted copy of the settlement agreement from Wexford, but Wexford refused this request. In December 2015, Wexford provided a redacted copy of the settlement agreement to the Department. However, Wexford would not give the Department an unredacted version of the settlement agreement. Ultimately, the Department gave plaintiffs a copy of the redacted settlement agreement.

¶ 3 In April 2017, plaintiffs filed a complaint against the Department requesting the release of the unredacted settlement agreement. Later that month, Wexford intervened in the lawsuit and stated that the Department did not have an unredacted version of the settlement agreement in its possession.

¶ 4 In December 2017, Wexford filed a motion for summary judgment in which it argued that the confidential settlement agreement is not covered by FOIA because it is not a public record that "directly relates" to a governmental function. See 5 ILCS 140/7(2) (West 2016) ("A public record that is *** in the possession of a party [who] *** has contracted to perform a governmental function on behalf of the public body, and that directly relates to the governmental function ***, shall be considered a public record of the public body ***."). Alternatively, Wexford argued that portions of the settlement agreement should be redacted pursuant to FOIA. See *id.* § 7(1). In February 2018, the trial court granted Wexford's motion for summary judgment, concluding that the settlement agreement did not "directly relate" to a governmental function.

¶ 5 Plaintiffs appeal, arguing that the settlement agreement "directly relates" to a governmental function. We agree and reverse and remand for further proceedings.

¶ 6                                    I. BACKGROUND
¶ 7                                  A. The FOIA Request
¶ 8 Bruce Rushton is a journalist for the Illinois Times, which is a newspaper based in Springfield, Illinois. In August 2015, pursuant to FOIA, plaintiffs requested that the Department turn over "[a]ll settlement agreements pertaining to claims and/or lawsuits filed in connection with the death of Alfonso Franco, a former inmate at [the] Taylorville Correctional

Center who died from cancer in 2012." Plaintiffs elaborated that "[t]his request includes but is not limited to settlement agreements involving any private entities charged with providing health care to Mr. Franco, including but not limited to Wexford Health Sources."

¶ 9 In relevant part, FOIA provides as follows:

"A public record that is not in the possession of a public body but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the public body, and that *directly relates* to the governmental function and is not otherwise exempt under this Act, shall be considered a public record of the public body, for purposes of this Act." (Emphasis added.) 5 ILCS 140/7(2) (West 2014).

¶ 10 In September 2015, the Department requested an unredacted copy of the settlement agreement from Wexford, but Wexford refused this request. In December 2015, Wexford provided a redacted copy of the settlement agreement to the Department.

¶ 11 In August 2016, the Department renewed its request for an unredacted copy of the settlement agreement. The Department intended to review the unredacted copy and, if applicable, redact the agreement pursuant to FOIA and provide it to plaintiffs. The Department stated that if Wexford did not give it an unredacted copy, it would provide the redacted copy to plaintiffs. However, Wexford would not give the Department an unredacted version of the settlement agreement. Ultimately, the Department gave plaintiffs a copy of the redacted settlement agreement.

¶ 12 In April 2017, plaintiffs filed a complaint against the Department in which it requested the release of the unredacted settlement agreement. Later that month, Wexford was given leave to intervene in the lawsuit. Wexford filed an answer in which it noted that the Department did not have an unredacted copy of the settlement agreement.

¶ 13 B. The Motions for Summary Judgment

¶ 14 In December 2017, Wexford filed a motion for summary judgment in which it argued that (1) the confidential settlement agreement is not covered by FOIA because it is not a public record that "directly relates" to a governmental function or, in the alternative, (2) portions of the settlement agreement should be redacted pursuant to FOIA. 5 ILCS 140/7(1), (2) (West 2016).

¶ 15 Later that month, plaintiffs filed a motion for summary judgment in which they argued (1) the settlement agreement "directly relates" to a governmental function, (2) Wexford had waived any redaction argument, and (3) the settlement agreement should not be partially redacted.

¶ 16 C. The Trial Court's Order

¶ 17 In February 2018, the trial court granted Wexford's motion for summary judgment. The court concluded that FOIA did not require the disclosure of the settlement agreement because it did not "directly relate" to a governmental function. *Id.* § 7(2). As a result, the court did not consider whether the settlement agreement should be partially redacted pursuant to FOIA. *Id.* § 7(1).

¶ 18 This appeal followed.

## II. ANALYSIS

Plaintiffs appeal, arguing that the settlement agreement "directly relates" to a governmental function. We agree and reverse and remand for further proceedings.

### A. The Applicable Law

Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016). When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based on the record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28, 978 N.E.2d 1000. An order granting summary judgment is reviewed *de novo*. *Uphoff v. Grosskopf*, 2013 IL App (4th) 130422, ¶ 11, 2 N.E.3d 498.

FOIA requires that a public body "make available to any person for inspection or copying all public records, except as otherwise provided." 5 ILCS 140/3(a) (West 2016). A public body includes "all legislative, executive, administrative, or advisory bodies of the State." *Id.* § 2(a). A public record is "all records, reports, forms, writings, letters, memoranda, *** and all other documentary materials pertaining to the transaction of public business." *Id.* § 2(c).

FOIA can also require the production of public records that are in the possession of private parties. Section 7(2) of FOIA provides as follows:

> "A public record that is not in the possession of a public body but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the public body, and that *directly relates* to the governmental function and is not otherwise exempt under this Act, shall be considered a public record of the public body, for purposes of this Act." (Emphasis added.) *Id.* § 7(2).

The purpose of FOIA is to open public records "to the light of public scrutiny." (Internal quotation marks omitted.) *City of Champaign v. Madigan*, 2013 IL App (4th) 120662, ¶ 29, 992 N.E.2d 629. "In furtherance of this policy, FOIA is to be liberally construed while exemptions are to be read narrowly." *State Journal-Register v. University of Illinois Springfield*, 2013 IL App (4th) 120881, ¶ 21, 994 N.E.2d 705; see also *Peoria Journal Star v. City of Peoria*, 2016 IL App (3d) 140838, ¶ 13, 52 N.E.3d 711.

In *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 62, 89 N.E.3d 376, the supreme court interpreted the purpose of section 7(2) and concluded as follows:

> "The BGA [(Better Government Association)] asserts that in adding section 7(2), it was the General Assembly's intent to respond to the growing concern related to the privatization of government responsibilities and its impact on the right of public information access and transparency. As the BGA points out, when governmental functions are privatized, there is a risk of decreased accountability and transparency. We agree that such an interpretation is consistent with the purpose of the FOIA, which is expressly based on a policy of full, complete disclosure regarding the affairs of government to promote accountability in government and an informed citizenry. 5 ILCS 140/1 (West 2014); *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378-79 (1989). To that end, we agree that section 7(2) ensures that governmental entities must not be permitted to avoid their disclosure obligations by contractually delegating their responsibility to a private entity."

¶ 27    In *Chicago Tribune v. College of Du Page*, 2017 IL App (2d) 160274, ¶ 47, 79 N.E.3d 694, the Chicago Tribune requested that the court define the term " 'governmental function' " as it relates to section 7(2) of FOIA. The Second District declined this request, reasoning as follows:

> "[W]e are hesitant to adopt a sweeping pronouncement of black letter law in this case, because it might prove to be insufficiently flexible to account for the myriad of governmental entities to which FOIA applies, to say nothing of the individualized governmental functions they each perform. Rather, we believe that such analysis must be subject to a fact-specific inquiry ***." *Id.* ¶ 48.

¶ 28    The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *In re Jarquan B.*, 2017 IL 121483, ¶ 22, 102 N.E.3d 182. The best indicator of the legislature's intent is the plain and ordinary meaning of the statute. *In re J.C.*, 2012 IL App (4th) 110861, ¶ 19, 966 N.E.2d 453. When the language of a statute is clear and unambiguous, it should be applied as written without resort to extrinsic aids of construction. *Poris v. Lake Holiday Property Owners Ass'n*, 2013 IL 113907, ¶ 47, 983 N.E.2d 993. "Additionally, in determining the legislative intent of a statute, a court may consider not only the language used, but also the reason and necessity for the law, the evils sought to be remedied, and the purposes to be achieved." *Prazen v. Shoop*, 2013 IL 115035, ¶ 21, 998 N.E.2d 1. Courts should construe words and phrases in light of other relevant provisions. *In re C.P.*, 2018 IL App (4th) 180310, ¶ 18. Statutory interpretation is a question of law reviewed *de novo*. *City of Champaign*, 2013 IL App (4th) 120662, ¶ 28.

¶ 29                                    B. This Case

¶ 30    We initially note that FOIA does not define the term "directly relates," which appears in section 7(2). See 5 ILCS 140/2, 7(2) (West 2016). However, similar to the Second District in *College of Du Page*, we decline to define this term because any definition might prove to be insufficiently flexible in future cases. *College of Du Page*, 2017 IL App (2d) 160274, ¶ 48. Instead, we conclude that whether a public record "directly relates" to a governmental function is a fact-specific inquiry. *Id.* Furthermore, the term "directly relates" must be liberally construed in light of FOIA's purpose. *City of Champaign*, 2013 IL App (4th) 120662, ¶ 29; *Peoria Journal Star*, 2016 IL App (3d) 140838, ¶ 13.

¶ 31    In this case, Wexford contracted to provide medical care to prisoners in the Department. In so doing, Wexford, a private party, contracted with the Department, a public body, to perform a governmental function. See *People v. Manning*, 371 Ill. App. 3d 457, 462, 863 N.E.2d 289, 295 (2007) ("[t]he eighth amendment to the federal constitution [citation] requires that prison officials ensure that inmates receive adequate medical care").

¶ 32    Here, plaintiffs requested "[a]ll settlement agreements pertaining to claims and/or lawsuits filed in connection with the death of Alfonso Franco, a former inmate at [the] Taylorville Correctional Center who died from cancer in 2012." Plaintiffs elaborated that "[t]his request includes *** settlement agreements involving any private entities charged with providing health care to Mr. Franco, including but not limited to Wexford Health Sources." The Department tried to accommodate this request, but Wexford refused to give an unredacted copy of the settlement agreement.

¶ 33    Based on the unique and undisputed facts of this case, we conclude that Wexford's settlement agreement *directly relates* to a governmental function because that settlement

- 5 -

agreement involved the settling of a claim arising out of its rendering of medical care. See 5 ILCS 140/7(2) (West 2016); *Manning*, 371 Ill. App. 3d at 462. This conclusion is buttressed by the purpose of section 7(2), which is to address "the growing concern related to the privatization of government responsibilities and its impact on the right of public information access and transparency." *Illinois High School Ass'n*, 2017 IL 121124, ¶ 62. Accordingly, we hold that the trial court erred when it concluded that Wexford's settlement agreement did not directly relate to a governmental function. See 5 ILCS 140/7(2) (West 2016).

¶ 34                                                    C. Redactions

¶ 35        Because the trial court wrongly concluded that FOIA did not require the disclosure of the settlement agreement, it did not consider whether the settlement agreement should be partially redacted. On remand, the trial court should consider this secondary issue.

¶ 36                                                  III. CONCLUSION

¶ 37        For the reasons stated, we reverse the trial court's order and remand for further proceedings.

¶ 38        Reversed and remanded.