# Illinois Official Reports

## Appellate Court

---

### *Turner v. Joliet Police Department*, 2019 IL App (3d) 170819

---

| | |
|---|---|
| Appellate Court Caption | DARIUS TURNER, Plaintiff-Appellant, v. JOLIET POLICE DEPARTMENT, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0819 |
| Filed | January 7, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-MR-1036; the Hon. Arkadiusz Z. Smigielski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Darius Turner, of Joliet, appellant *pro se*.<br><br>Michael D. Bersani and Yordana Wysocki, of Hervas, Condon & Bersani, P.C., of Itasca, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Lytton and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff Darius Turner sought declaratory and injunctive relief against defendant Joliet Police Department, alleging the department claimed inapplicable exemptions in response to his document request under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2016)). The trial court dismissed Turner's claims with prejudice. We affirm.

¶ 2                                              FACTS

¶ 3        Plaintiff Darius Turner filed a FOIA request with defendant Joliet Police Department (JPD), seeking criminal records concerning him or relating to his February 2017 arrest. JPD responded, granting the request in part and denying it in part, and provided redacted portions of the records pursuant to FOIA exemptions.

¶ 4        Turner filed a complaint seeking declaratory and injunctive relief, alleging JPD failed to establish that the redactions were in compliance with FOIA. The requested relief included production of the records, entry of a finding that JPD failed to comply with the statute, and imposition of civil penalties and costs. In response, JPD moved to dismiss the complaint. In its motion, JPD acknowledged that it inadvertently missed some of Turner's records, attached the additional records to the motion, and served them on Turner. It argued that because Turner had now received all the records, his complaint was moot and dismissal was proper. JPD also argued that the redactions were proper under FOIA and that civil penalties were not appropriate because Turner did not sufficiently assert that JPD acted willfully and wantonly in redacting the information.

¶ 5        Turner filed a response denying his claims were moot and asking the court to conduct an *in camera* review of the records to determine whether the statutory exemptions applied. Turner also sought an index, description, and statement of exemptions for the redacted records. The court conducted the *in camera* review, and JPD provided an index and descriptions of the redactions. On November 16, 2017, the trial court granted JPD's motion to dismiss with prejudice. Turner timely appealed.

¶ 6        On February 26, 2018, Turner pleaded guilty and was sentenced in the criminal case for which he sought the records. He did not appeal. Because the criminal proceedings concluded, JPD released the documents that had been redacted under certain FOIA exemptions. See 5 ILCS 140/7(1)(a), (d)(i) (West Supp. 2017). The redacted documents were attached to JPD's appellate briefs as supplements to the appendix.

¶ 7                                            ANALYSIS

¶ 8        The issue on appeal is whether the trial court erred when it dismissed Turner's FOIA claims. He argues that JPD did not prove by clear and convincing evidence that the claimed exemptions to disclosure applied and that its failure to comply was willful and intentional.

¶ 9        A motion to dismiss under section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 2016)) challenges the legal sufficiency of the complaint and is proper where the complaint fails to state a claim on which relief may be granted. *Aurelius v. State Farm Fire & Casualty Co.*, 384 Ill. App. 3d 969, 972 (2008). A section 2-619 (735 ILCS 5/2-619 (West 2016)) motion to dismiss admits the legal sufficiency of the complaint but asserts an affirmative matter that avoids or defeats the claim. *Aurelius*, 384 Ill. App. 3d at

972-73. We review dismissals under both sections *de novo*. *BMO Harris Bank, N.A. v. Porter*, 2018 IL App (1st) 171308, ¶ 47 (section 2-615); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368 (2003) (section 2-619(a)(9) dismissal).

¶ 10 All records in the custody of a public body are presumed open to inspection or copying. 5 ILCS 140/1.2 (West 2016). If the public body asserts an exemption from disclosure, it has the burden of proving the exemption applies by clear and convincing evidence. *Id.* When a public body denies a request, it must, in part, inform the requester of the denial in writing and offer the reasons the request was denied, including a detailed factual basis for the claimed exemption. *Id.* § 9(a). When the public body claims exemptions under FOIA's section 7, the denial notice must specify the exemption claimed and the specific reasons for the denial, including the factual basis and supporting legal citations. *Id.* § 9(b). The trial court may conduct an *in camera* inspection of the requested documents to determine whether the claimed exemptions apply. *Id.* § 11(f). Where a public body willfully and intentionally fails to comply with the statute, it is subject to a civil penalty. *Id.* § 11(j). The public body satisfies its burden when it provides a detailed justification for the claimed exemption which addresses the specific documents requested and allows for adequate adversarial testing. *Peoria Journal Star v. City of Peoria*, 2016 IL App (3d) 140838, ¶ 12.

¶ 11 We first address JPD's claim that because Turner now has received all the requested documents his claims are moot. We agree.

¶ 12 "A claim is moot when no actual controversy exists or events occur which make it impossible for a court to grant effectual relief." *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 782 (1999). Where the plaintiff has received what he sought, his action should be dismissed as moot. *Id.* The mootness doctrine is applied to FOIA claims once the requested records have been produced. *Roxana Community Unit School District No. 1 v. Environmental Protection Agency*, 2013 IL App (4th) 120825, ¶ 42. We review *de novo* whether a case is moot. *People ex rel. Rahn v. Vohra*, 2017 IL App (2d) 160953, ¶ 27.

¶ 13 After Turner's criminal case was concluded and no appeal was filed, JPD released all requested information to Turner because the exemptions under which JPD redacted the requested documents no longer applied. While we question the efficacy of releasing the information as an attachment to JPD's appellate brief, we acknowledge the timing of Turner's criminal case and FOIA action necessitated the unorthodox disclosure. Nevertheless, it remains that Turner received all the information that he requested. As such, no controversy exists; JPD's release of information makes it impossible for this court to grant any other relief. Accordingly, we find that Turner's claim is moot and that the trial court properly dismissed it under section 2-619(a)(9) of the Civil Code (735 ILCS 5/2-619(a)(9) (West 2016)).

¶ 14 Turner also challenges JPD's assertion that Illinois Supreme Court Rule 415(c) (eff. Oct. 1, 1971) governs discovery in his criminal case and a FOIA request was not the proper avenue to pursue release of the documents. Turner argues that JPD incorrectly maintains that Rule 415(c) prohibits disclosure of criminal discovery documents to a defendant even in light of a FOIA request.

¶ 15 Rule 415(c) provides that "materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be used only for the purposes of conducting his side of the case." Ill. S. Ct. R. 415(c) (eff. Oct. 1, 1971). Rule 415(c) prohibits a criminal defendant represented by counsel from possessing discovery documents, such as police reports. *People v. Savage*, 361 Ill. App. 3d 750, 761 (2005). Turner looks to a public access opinion issued by the

Illinois Attorney General as support for his claim that Rule 415(c) does not provide a proper exemption under section 7(1)(a) of FOIA. See 2013 Ill. Att'y Gen. Pub. Access Op. No. 13-017, http://foia.ilattorneygeneral.net/pdf/opinions/2013/13-017.pdf [https://perma.cc/7WNX-9KNJ].

¶ 16    In our view, JPD correctly relied on Rule 415(c) as the basis for the exemption claimed under section 7(1)(a) of FOIA, which limits disclosures prohibited under state rules. Turner was entitled to view the requested documents through consultation with his attorney, but he himself was not entitled to receive or possess them. The public access opinion on which Turner relies does not direct a different result. There, the public body claimed, in part, that the availability of discovery was a FOIA exemption, a claim the opinion rejected. 2013 Ill. Att'y Gen. Pub. Access Op. No. 13-017, at 9 (concluding that a party's right to discovery does not constitute a FOIA exemption and does not preclude a FOIA request). Here, JPD demonstrated that the requested documents were prohibited from disclosure by Rule 415(c) and exempt under FOIA section 7(a). Even if the public access opinion helped Turner's position, it is not binding on this court. See 5 ILCS 140/9.5(f) (West 2016) (Attorney General's public access counselor opinions are binding only on the requester and the public body from which the records were sought).

¶ 17    We must also address Turner's request for the imposition of civil penalties. See *Roxana Community Unit School District No. 1*, 2013 IL App (4th) 120825, ¶ 42 (finding request for civil penalty survives moot FOIA claim). According to Turner, JPD applied invalid exemptions to his FOIA request and failed to prove they applied. He argues that JPD's failure to comply with FOIA was willful and intentional and warranted a penalty.

¶ 18    All records possessed by a public body are presumed open to inspection or copying under FOIA, and a public body asserting exemption of a record must prove by clear and convincing evidence it is exempt. 5 ILCS 140/1.2 (West 2016). When a public body denies a FOIA request, it must notify the requester in writing regarding its denial, providing the reasons for the denial, including a "detailed factual basis" for any claimed exemption. *Id.* § 9(a). When the public body claims exemptions under section 7 of FOIA, the denial notice "shall specify the exemption claimed to authorize the denial and the specific reasons for the denial, including a detailed factual basis and a citation to supporting legal authority." *Id.* § 9(b). Upon a finding that a public body willfully and intentionally failed to comply with FOIA or otherwise acted in bad faith, the court may impose a civil penalty ranging from $2500 to $5000 for each occurrence of noncompliance. *Id.* § 11(j).

¶ 19    FOIA exemptions include, in relevant part:

"(a) Information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law.

(b) Private information, unless disclosure is required by another provision of this Act, a State or federal law or a court order.

***

(c) Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. 'Unwarranted invasion of personal privacy' means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right

to privacy outweighs any legitimate public interest in obtaining the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.

(d) Records in the possession of any public body created in the course of administrative enforcement proceedings, and any law enforcement *** agency for law enforcement purposes, but only to the extent that disclosure would:

(i) interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement *** agency that is the recipient of the request;

* * *

(iv) unavoidably disclose the identity of a confidential source, confidential information furnished only by the confidential source, or persons who file complaints with or provide information to *** law enforcement *** agencies ***[.]" 5 ILCS 140/7(1)(a), (b), (c), (d)(i), (iv) (West Supp. 2017).

¶ 20    A public body must comply with a FOIA request unless an exemption applies. *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 463 (2003). To sustain its burden to prove an exemption applies, a public body must provide a detailed explanation justifying its exemption claim, specifically addressing the requested documents in a manner allowing for adequate adversarial testing. *Peoria Journal Star*, 2016 IL App (3d) 140838, ¶ 12. Whether an exemption applies is a matter of statutory construction that this court reviews *de novo*. *Lucas v. Prisoner Review Board*, 2013 IL App (2d) 110698, ¶ 15.

¶ 21    Turner's complaint lacks any allegations of willful and intentional violation of FOIA by JPD. He alleged that JPD failed to prove the claimed exemptions applied. In the prayer for relief, he asked, in part, for the court to order a civil penalty but he did not assert that JPD's alleged failure to comply with his FOIA request was willful and intentional. The trial court's dismissal of Turner's request for a civil penalty because he failed to state a claim was not in error. Moreover, we find no evidence of willful and intentional noncompliance with Turner's FOIA request.

¶ 22    JPD asserted the information it redacted was properly exempted under sections 7(a), (b), (c), and (d)(i) and (iv). It submitted to Turner the reasons it denied his FOIA request and a detailed factual basis for the exemptions it claimed. JPD provided the unredacted documents to the trial court, which viewed them *in camera* and determined that the claimed exemptions applied. When the exemptions were no longer applicable, JPD released the requested documents to Turner. There was no willful and intentional failure to comply with FOIA's requirements. Accordingly, no civil penalty is warranted. We find the trial court did not err in failing to impose one.

¶ 23    Turner's claims became moot once JPD released all requested documents to him, and he failed to sufficiently allege JPD's willful and intentional noncompliance with his FOIA request to warrant a civil penalty. We find the trial court properly dismissed Turner's complaint.

¶ 24                                    CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 26    Affirmed.