2021 IL App (1st) 200424-U

SECOND DIVISION
February 16, 2021

No. 1-20-0424

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| NOLAN WATSON, | ) Appeal from the Circuit Court |
| | ) of Cook County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 2016 CH 10481 |
| | ) |
| KIMBERLY FOXX, in her official capacity as | ) |
| State's Attorney of Cook County, | ) |
| | ) |
| Defendant-Appellee | ) |
| | ) |
| (Kimberly M. Foxx, in her official capacity as | ) |
| State's Attorney of Cook County, Assistant State's | ) |
| Attorney Paul Castiglione, and the Office of the | ) |
| State's Attorney of Cook County, | ) The Honorable |
| | ) David B. Atkins, |
| Defendants). | ) Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

No. 1-20-0424

> *HELD*:  Trial court's order dismissing plaintiff's complaint for costs and civil penalties under FOIA was proper, as the circumstances presented show plaintiff was not entitled to them pursuant to sections 11(i) or (j).

¶ 1     Plaintiff-appellant Nolan Watson (plaintiff) appeals *pro se* from the trial court's grant of a motion to dismiss his complaint filed by defendant-appellee the office of the State's Attorney of Cook County.[1]  He contends that the trial court impermissibly denied him his "entitled award of costs, civil penalties, plus the complete records requested" related to a Freedom of Information Act (FOIA or Act) (5 ILCS 140/1 *et seq.* (West 2014)) cause of action he originally filed in 2015.  He asks that we award him costs and civil penalties against the State's Attorney's office in the amount of $18,831.91, and that we order the production to him of various "full" (unredacted) records, communications, copies, and transcripts.  For the following reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3     As noted, this is not the first time this matter has been brought to our Court.  See *Watson v. Kimberly M. Foxx, in her official capacity as State's Attorney of Cook County, et al.*, Nos. 1-18-2313 & 1-19-0707 (cons.) (Jan. 21, 2020) (unpublished summary order pursuant to Illinois Supreme Court Rule 23(c)(1) (eff. April 1, 2018)).

---

[1] In a prior decision issued by this Court with respect to this same matter, we noted that the defendants named in plaintiff's complaint were Anita Alvarez, in her capacity as the State's Attorney of Cook County, Assistant State's Attorney Paul Castiglione, and the Office of the State's Attorney of Cook County.  We further noted that Kimberly Foxx succeeded Anita Alvarez as State's Attorney of Cook County on December 1, 2016, and we allowed a motion to correct the caption and substitute her as a defendant in this cause.  Plaintiff has refiled this same appeal against, again, Anita Alvarez, but has this time included Kimberly Foxx, as well.  Similar to our notations then, we caption this cause accordingly and, again, for ease of reference, we refer to defendants as the "State's Attorney's office." See *Watson v. Kimberly M. Foxx, in her official capacity as State's Attorney of Cook County, et al.*, Nos. 1-18-2313 & 1-19-0707 (cons.) (2020) (unpublished summary order pursuant to Illinois Supreme Court Rule (Rue) 23(c)(1) (eff. April 1, 2018)).

2

¶ 4        In November 2015, plaintiff filed a complaint against the State's Attorney's office alleging that it failed to properly and adequately comply with a request he made on May 7, 2015 under FOIA for copies of discovery, common law records, line-up records and police and State's Attorney's interrogation and investigation records of witnesses and victims involved in five criminal cases against him, pursuant to which he was convicted of varying degrees of sexual offenses.[2]  Following transfer of the cause to the Circuit Court of Cook County, the trial court granted plaintiff's request to file an amended complaint, which he did in April 2017.

¶ 5        In July 2017, the trial court entered an order in the matter providing that, by August 21, 2017, the State's Attorney's office was to supply the plaintiff with documents from his criminal files subject to any exemptions or redactions appropriate under FOIA and to supply the court with a list of documents for which it would be claiming exemptions or redactions. It also ordered a status date of August 28, 2017.

¶ 6        On August 21, 2017, the State's Attorney produced copies of all 2,867 pages of record to plaintiff contained in the criminal files he sought in his FOIA request, subject to redactions

_____

[2] The records plaintiff sought under FOIA were those related to five criminal cases instituted against him labeled "04CR7326, 04CR7327, 04CR7328, 04CR7329, and 04CR7330." As a result of these, plaintiff is currently serving an aggregate term of 40 years in prison imposed in 2006 following jury convictions on two counts of aggravated criminal sexual assault of a minor. He pled guilty in four additional cases involving sexual offenses against four other minors and received prison terms to run concurrently with the sentences imposed from his convictions. He filed three appeals in this Court regarding his criminal trial. We affirmed the jury convictions on direct appeal (*People v. Watson*, 2011 IL App (1st) 080315-U); we affirmed the trial court's summary dismissal of his postconviction petition as frivolous and patently without merit (*People v. Watson*, 2012 IL App (1st) 092249-U); and we affirmed the trial court's denial of leave to file a successive postconviction petition (*People v. Watson*, 2014 IL App (1st) 121163-U). We also note for the record that in his brief on appeal, plaintiff insists he was "never convicted for crimes against minors, each of the alleged victims in each of his cases were adults." This is in direct contradiction to the records, facts, and holdings issued in each of his criminal appeals noted here.

and exclusions recorded in an exemption log, by certified mail, return receipt requested. On August 28, 2017, the trial court ordered the State's Attorney's office to provide it with electronic copies of the records it had turned over to plaintiff that contained redactions, along with a privilege log by September 8, 2017. The State's Attorney's office did so on August 29, 2017, providing the trial court with a disc containing a copy of all unredacted records as well as a copy of the redacted records produced to plaintiff, along with its exemption log identifying and explaining the redactions and those documents it had withheld from him in their entirety.

¶ 7    Almost one year later, on August 22, 2018, plaintiff filed a *pro se* "Motion for Fees, Costs, and Equitable Damages Civil Penalties," wherein he asked the trial court to award him $15,461.29 in fees, costs, and civil penalties he calculated for items including copies, materials, postage, *pro se* lawyer fees, and preparation fees pertaining to his 2015 FOIA request. He also cited several "occurrences" in his motion wherein he alleged the State's Attorney's office "intentionally and knowingly" refused to disclose records it was otherwise supposed to, ignored the mandates of FOIA, and withheld his property, to wit, the records he sought. On August 30, 2018, the trial court held a previously scheduled case management conference, at which plaintiff did not appear. The court set a briefing schedule with respect to plaintiff's cause.

¶ 8    On September 4, 2018, the State's Attorney's office filed a motion to dismiss both the plaintiff's complaint and his motion for fees pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018), arguing that the cause

was moot because the State's Attorney's office had provided him with all documents from his criminal files subject only to redactions allowed under FOIA. The State's Attorney's office also asked the court to conduct an *in camera* inspection of the documents withheld in its privilege log to determine whether the documents qualified for the exemptions claimed and that, therefore, it had complied with plaintiff's FOIA request.

¶ 9 Before the trial court could address the State's Attorney's motion to dismiss, plaintiff filed a notice of appeal on September 11, 2018, with respect to the "circuit court's dismissal made on 8/30/18," stating he had to do so because he did not know the outcome of the court proceedings of August 30 since he had not appeared. That appeal was docketed in our Court as case No. 1-18-2313.

¶ 10 Meanwhile, plaintiff went on to file a brief in opposition to the State's Attorney's motion to dismiss. Therein, he asserted that the State's Attorney's office had made multiple misrepresentations in its motion and that an actual controversy still existed requiring resolution by the trial court, *i.e.*, an award of fees. On November 8, 2018, the trial court took the State's Attorney's motion to dismiss under advisement.

¶ 11 On March 7, 2019, the trial court granted the State's Attorney's motion to dismiss and denied plaintiff's motion for fees. In its written order, the court held that the State's Attorney's office was correct in its mootness argument, as the record showed that the State's Attorney had produced the requested records subject only to appropriate redaction, that plaintiff did not dispute he had received them, and that plaintiff failed to provide a persuasive "interest of justice" argument that would require disclosure of otherwise exempt documents,

which he failed to even specify. The court further held that plaintiff's demands for fees were inappropriate, since the State's Attorney's office "did in fact produce the documents shortly after the inception of this case, and [p]laintiff raises no facts suggesting a failure to do so in bad faith." Accordingly, the court dismissed plaintiff's cause with prejudice in its entirety.

¶ 12    On March 26, 2019, plaintiff filed a motion for reconsideration of the trial court's order of March 7, 2019. In that motion, he argued that the trial court had been divested of jurisdiction to enter that order based on the fact that he had filed a notice of appeal on September 11, 2018 in our Court, and therefore the March 7, 2019 order was void. However, before his own motion for reconsideration could be heard, plaintiff, on April 3, 2019, filed a notice of appeal of the trial court's March 7, 2019 order. That appeal was docketed in our Court as case No. 1-19-0707 and was consolidated with plaintiff's other pending cause, case No. 1-18-2313.

¶ 13    On January 21, 2020, this Court entered a summary order under Rule 23(c)(1) dismissing plaintiff's consolidated appeal as untimely pursuant to Rule 303(a)(2) because the trial court had not yet ruled on plaintiff's motion to reconsider its order of March 7, 2019. In our decision, we reminded the parties that, although plaintiff's notice of appeal was presently premature, it would "become effective" when an order disposing of the motion to reconsider was entered by the trial court or, alternatively, if plaintiff filed in the trial court a document affirmatively indicting that he was withdrawing or abandoning his motion for reconsideration. We further noted that, if one of these things occurred, then plaintiff could properly return to our Court with either a petition for rehearing and motion to supplement the

record showing that the impediment to jurisdiction had been removed, or plaintiff could file a new notice of appeal once the impediment to appellate jurisdiction had been removed.

¶ 14    On February 11, 2020, the trial court entered an order denying plaintiff's motion to reconsider its order of March 7, 2019. In that order, the trial court noted that plaintiff had raised only one basis for reconsideration of the trial court's grant of the State's Attorney's motion to dismiss his cause, namely, that the grant was improper because the court lacked jurisdiction based on his notice of appeal filed in our Court on September 11, 2018 seeking to appeal "the circuit court's dismissal of 8/30/18," which he stated he was "forced" to file because he could not attend the status hearing on that date. The court explained that on August 30, 2018, contrary to any insistence by plaintiff, it had not dismissed his claim but, instead, had only entered a briefing schedule; it had not entered any substantive rulings nor a final and appealable order. The court noted that plaintiff filed his September 11 notice of appeal anticipatorily in the event the court had dismissed his cause on August 30 which, again, it had not.

¶ 15    Following this ruling by the trial court, and with the impediment to appellate jurisdiction removed, plaintiff timely filed a new notice of appeal from the trial court's March 7, 2019 order granting the State's Attorney's motion to dismiss his cause and denying his motion for fees, and from its February 11, 2020 order denying his motion to reconsider that order. Accordingly, plaintiff has now procedurally perfected the instant appeal in our Court and we are called to address its merits.

¶ 16                                    ANALYSIS

¶ 17        On appeal, plaintiff contends that the trial court "impermissibly denied [him] his entitled award of costs, civil penalties, plus the complete records requested."  Essentially, he asserts that he deserves this recompense because the State's Attorney's office "intentionally and in bad faith" initially ignored his FOIA request and delayed in producing the records he requested.  He further asserts that the trial court "made a mistake" in dismissing his cause, as his monetary request was mandated to be awarded under "Section 11(i) of the FOIA," which "divested the circuit court of any discretion to deny [his] entitled award of costs" and "civil penalties were mandated."  Upon our review of the record, we disagree.

¶ 18        Again, plaintiff appeals from the trial court's grant of the State's Attorney's section 2-619(a)(9) motion to dismiss.  While a motion to dismiss pursuant to section 2-619(a)(9) admits the legal sufficiency of the complaint, it raises affirmative matters either internal or external from the complaint that would defeat the cause of action.  See 735 ILCS 5/2-619(a)(9) (West 2018).  An "affirmative matter" is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint."  *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999).  The affirmative matter must either appear on the face of the complaint or be supported by affidavits or other evidentiary materials of record.  See *Van Meter v. Darien Park Dist.*, 207 Ill. 2d 359, 377 (2003).  Once a defendant meets this burden, the plaintiff's right to recover is barred.  See *Van Meter*, 207 Ill. 2d at 370.

¶ 19       A section 2-619(a)(9) motion provides a means to dispose not only of issues of law but also issues of easily proved fact, and a trial court may in its discretion properly decide questions of undisputed fact upon hearing such a motion. See *Consumer Electric Co. v. Cobelcomex, Inc.*, 149 Ill. App. 3d 699, 703-04 (1896); see also *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008) ("[t]he purpose of a section 2-619 motion is to dispose of issues of law and easily proved issues of fact early in the litigation"); *Villanueva v. Toyota Motor Sales, U.S.A., Inc.*, 373 Ill. App. 3d 800, 802 (2007) (complaint is properly dismissed under this section if barred by affirmative matter and this matter defeats claim and avoids its legal effect); *Martinez v. Gutmann Leather, LLC*, 372 Ill. App. 3d 99, 101 (2007) (section 2-619(a)(9) allows for dismissal on basis of easily proven facts). We review appeals from dismissals pursuant to section 2-619(a)(9) on a *de novo* basis. See *Van Meter*, 207 Ill. 2d at 368; *Griffith v. Wilmette Harbor Ass'n, Inc.*, 378 Ill. App. 3d 173, 180 (2007).

¶ 20       Under the circumstances of the instant cause, we find, contrary to plaintiff's insistence, that the issue of whether the State's Attorney's office is liable to him for the violations of FOIA he alleges in his complaint comprises an easily proven factual and legal issue proper for resolution by a section 2-619(a)(9) motion without further hearing.

¶ 21       We begin with applicable general legal principles. Under FOIA, our citizens are entitled to full and complete information regarding governmental affairs consistent with the terms of the Act, and this includes the government's obligation to provide public records upon appropriate request as expediently and efficiently as possible in compliance with that Act. See 5 ILCS 140/1 (West 2018); *Walker v. Bruscato*, 2019 IL App (2d) 170775, ¶ 35.

Accordingly, when a public body, such as the State's Attorney's office here, receives a proper request for information under FOIA, it must comply with that request, unless one of the statutory exemptions set forth in section 7 of the Act applies. See *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 25; accord *Illinois Educational Ass'n v. Illinois State Bd. of Education*, 204 Ill. 2d 456, 463 (2003); 5 ILCS 140/3(a) (West 2018). The burden of proving that the documents sought under FOIA falls within one of its statutory exemptions lies with the public body. See 5 ILCS 140/1.2 (West 2018); *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408 (1997).

¶ 22 First and foremost, we find that this appeal is moot. An appeal is moot when the issues have ceased to exist and there is no longer any actual controversy between the parties. See *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 782 (1999); accord *Engle v. Foley and Lardner, LLP*, 393 Ill. App. 3d 838, 847-48 (2009). Such is the case when a plaintiff has received that which he sought. See *Engle*, 393 Ill. App. 3d at 848. This is particularly true with respect to FOIA claims: the mootness doctrine applies once the requested records under FOIA have been produced. See *Turner v. Joliet Police Department*, 2019 IL App (3d) 170819, ¶ 12; *Duncan*, 304 Ill App. 3d at 782.

¶ 23 In the instant cause, plaintiff has received the records he sought. As the trial court's March 7, 2019 order confirms, the State's Attorney's office produced the records four months after plaintiff requested them, subject only to appropriate redaction under FOIA. Plaintiff never disputed, in the entire procedural posture of this cause, that he had received them. He does not do so now, either. As plaintiff admittedly received the records he sought,

any controversy between the parties under FOIA has ceased to exist.  See *Turner*, 2019 IL App (3d) 170819, ¶¶ 12-13 (where the plaintiff received the information he requested under FOIA, no controversy remains and a trial court may properly dismiss his cause of action under section 2-619(a)(9) of the Code);  *Duncan*, 304 Ill. App. 3d at 782 ("Once an agency produces all the records related to a plaintiff's [FOIA] request, the merits of a plaintiff's claim for relief, in the form of production of information, becomes moot"); accord *Walker*, 2019 IL App (2d) 170775 (where the plaintiff received the records requested under FOIA, no cause of action under FOIA remained).

¶ 24    Apart from this, the crux of plaintiff's claim on appeal appears to be his contention that the trial court erred in granting the State's Attorney's motion to dismiss because questions of fact remained, namely, his assertion that the State's Attorney's office ignored his requests and delayed in giving him the records he sought "intentionally and in bad faith" which mandated the trial court, without any discretion, to institute civil penalties under FOIA.  As the legal basis for his claim, plaintiff cites sections 11(i) and (j) of the Act.  He then presents six "occurrences" of alleged bad faith on the part of the State's Attorney's office and claims that the Act mandated the trial court impose a total award of $18,831.91 against it and in his favor, including $17,500 in civil penalties as well as sums for copies, postage, "materials," and "preparation."

¶ 25    Section 11(i) provides that "if a person seeking the right to inspect or receive a copy of a public record prevails in a proceeding," a trial court "shall award such person reasonable attorney's fees and costs."  In conjunction with this provision, section 11(j) states that "if the

11

court determines that a public body willfully and intentionally failed to comply with [FOIA], or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence." Under these provisions, which both use the term "shall," if a FOIA plaintiff prevails below in the trial court, or if that court determines that the public agency acted willfully and intentionally in bad faith to withhold records requested, the court must award the plaintiff attorney's fees and civil penalties; FOIA clearly mandates this. See, *e.g.*, *Norman v. U.S. Bank Nat'l Ass'n*, 2020 IL App (1st) 190765, ¶ 30, citing *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738, ¶ 16 (use of word "shall" in statue generally indicates mandatory obligation); *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879, ¶ 49. Accordingly, we understand why plaintiff cites to these sections in support of his claim on appeal. However, that is where any agreement with plaintiff ends, based on the record before us.

¶ 26        First, with respect to plaintiff's claim under section 11(i) for attorney fees, the record is clear that, since the inception of his FOIA request in this cause, plaintiff proceeded, at all times, *pro se*. There is no provision in the Act that allows a trial court to order a public body to reimburse a FOIA plaintiff for the time he devoted to prosecuting a FOIA action *pro se*. Plaintiff fails to refer us to any such provision or to any viable caselaw in support of his request under section 11(i). The simple fact is this: as a *pro se* litigant, plaintiff here did not incur any attorney fees. Accordingly, since he did not incur any attorney fees, he cannot recover such fees under FOIA and section 11(i) does not offer him the relief he insists he is

due in this regard. See *Brazas v. Ramsey*, 291 Ill. App. 3d 104, 110 (1997) (nonlawyer *pro se* FOIA litigant did not incur attorney fees and therefore was not entitled to such an award under section 11(i)); accord *Hamer v. Lentz*, 132 Ill. 2d 49, 62-63 (1989) (this is true also for attorneys who prosecute their own FOIA actions *pro se*); accord *Uptown People's Law Center v. Department of Corrections*, 2014 IL App (1st) 130161, ¶ 25 (FOIA plaintiff, a not-for-profit legal organization, did not incur attorney fees where it was represented by two of its salaried employees in FOIA proceeding, and therefore it was not entitled to an award of attorney fees).[3]

¶ 27        Similarly, for it to have been mandatory for the trial court to award plaintiff civil penalties in response to his assertions that the State's Attorney's office ignored his requests and intentionally failed to comply with them, section 11(j) first requires a determination by the trial court that the State's Attorney's office acted willfully and intentionally, in bad faith. See *Rock River Times*, 2012 IL App (2d) 110879, ¶ 49 (penalty is mandated under section 11(j) "[o]nce the trial court finds a willful and intentional failure to comply with the FOIA, or that the party acted in bad faith"); 5 ILCS 140/11(j) (West 2018). Yet, again, in the instant cause, the trial court specified, in its March 9, 2017 order, that any demand by plaintiff for civil penalties was inappropriate precisely because, not only did the State's Attorney's office

---

[3] We note that plaintiff's claim under section 11(i) is extremely underdeveloped in his brief on appeal. That is, while he cites this statutory section and demands recovery pursuant to it, he provides no real argument in his brief. As the record demonstrates, he did argue for such recovery in more detail in his original and amended complaints, wherein he asserted he deserved $200 for his "legal" work. However, here and below, he cites no legal work that would justify such a consideration, even were we to consider it now. Ultimately, without any citation to any legal authority to the contrary, and without the existence of any statute or agreement demanding otherwise, plaintiff clearly cannot prevail on a claim of attorney fees under section 11(i) of the Act. See, *e.g.*, *Ritter v. Ritter*, 381 Ill. 549, 552-53 (1943) (without an authorizing statute or agreement, a trial court cannot order one litigant to pay litigation expenses incurred by another, as in Illinois, each party is responsible for his own).

"in fact produce the documents [plaintiff sought] shortly after the inception of this case," but also because there were "no facts suggesting a failure to [produce] in bad faith." Clearly, then, there was no determination by the trial court that the State's Attorney's office here willfully and intentionally failed to comply with FOIA or otherwise acted in bad faith in response to plaintiff's records request. The court found no violation of FOIA, let alone that any conceived violation was deliberately done by design or with a dishonest purpose by the State's Attorney's office here. Without such a determination, section 11(j) was not triggered and, contrary to plaintiff's insistence, there is no applicable statutory mandate imposable upon the trial court to award him civil penalties.

¶ 28       Additionally, and quite significant to the issue raised by plaintiff here, we note that our Court reviews the trial court's credibility determinations under the manifest-weight-of-the-evidence standard. See *Rock River Times*, 2012 IL App (2d) 110879, ¶ 48; see also *Schroeder v. Winyard*, 375 Ill. App. 3d 358, 364 (2007) (whether a party acted willfully is a question of fact to be determined by the trier of fact). This includes, specifically and particularly, a trial court's factual finding of whether a defendant in a FOIA cause of action has failed to comply with the Act and/or acted in bad faith. See *Rock River Times*, 2012 IL App (2d) 110879, ¶ 48 (review of factual finding that school willfully and intentionally failed to comply with FOIA under manifest-weight-of-the-evidence standard). Therefore, while a trial court is mandated to impose civil penalties under section 11(j) of FOIA once it finds willful and intentional failure to comply or bad faith, it must first make that finding; its decision in that regard, which is fact-based, is to be reviewed in light of the manifest weight

14

of the evidence presented.  See, *e.g.*, *Rock River Times*, 2012 IL App (2d) 110879.

Ultimately, a reviewing court will not overturn a trial court's factual finding unless it is

against the manifest weight of the evidence, which occurs only when the opposite conclusion

is clearly apparent or when the finding is unreasonable, arbitrary, or not based on the

evidence.  See *Best v. Best*, 223 Ill. 2d 342, 350 (2006); accord *Goldberg v. Astor Plaza*

*Condominium Ass'n*, 2012 IL App (1st) 110620, ¶ 60.

¶ 29       In the instant cause, as we have noted throughout this decision, the trial court below made

a specific finding that the State's Attorney's office did not act in bad faith in any way in

dealing with plaintiff's FOIA request.  Applying a manifest-weight-of-the-evidence standard

of review to that determination, we find no reason to disturb it.  In other words, the opposite

conclusion, namely, that the State's Attorney's office acted in bad faith here, is not at all

apparent from the record nor is the trial court's finding unreasonable, arbitrary, or not based

on the evidence.  To the contrary, upon our review of the record, the trial court's

determination was proper.  Not only did plaintiff not make any specific allegation of willful

or intentional violation of FOIA by the State's Attorney's office, but the record shows that

the State's Attorney's office complied with FOIA, as was required.  It provided the records to

plaintiff which he sought, which encompassed almost 3,000 pages, by certified mail; it did so

shortly after plaintiff asked for them (approximately 4 months); and it gave copies of the

records (redacted and unredacted) to the trial court for evaluation, along with a log of the

redactions and exemptions it claimed and the explanations for such, for the court's review.

The trial court reviewed these and found them to be appropriate.  Based on all this, we find

no evidence of willful and intentional noncompliance with plaintiff's FOIA request on the part of the State's Attorney's office, and we specifically find nothing that would merit the overturning of the trial court's determination pursuant to the manifest-weight-of-the-evidence standard that, likewise, there was none.

¶ 30    The recent case of *Turner v. Joliet Police Department*, 2019 IL App (3d) 170819, is instructive. In *Turner*, the plaintiff filed a FOIA request with the police department seeking his criminal records. The department provided him with redacted portions of the records he sought, pursuant to FOIA exemptions it believed were applicable. Later, the plaintiff filed a complaint seeking civil penalties and costs. During the pendency of that litigation, the department acknowledged that it had inadvertently missed some of the plaintiff's records requested, and it served these on him. Additionally, upon a request by the plaintiff for review of the records and redactions cited, the department provided an explanation for these to the trial court. Eventually, after review, the trial court granted the department's motion to dismiss the plaintiff's complaint for penalties and costs with prejudice. See *Turner*, 2019 IL App (3d) 170819, ¶¶ 3-5.

¶ 31    On appeal, the plaintiff argued that he was entitled to civil penalties and costs under section 11(j) of FOIA because the department had acted willfully and intentionally during the treatment of his request. See *Turner*, 2019 IL App (3d) 170819, ¶ 8. However, the reviewing court held that, not only did his complaint lack any allegation of willful and intentional violation of FOIA on the part of the department but, more critically, there simply was no evidence of willful and intentional noncompliance with his request. See *Turner*, 2019

IL App (3d) 170819, ¶¶ 21-22. Rather, the department had provided the unredacted documents to the trial court, which had viewed them and determined that the exemptions the department claimed were applicable. Accordingly, as there was no willful and intentional failure on the part of the department to comply with FOIA requirements, there could be imposition of any civil penalties or costs warranted by section 11(j). See *Turner*, 2019 IL App (3d) 170819, ¶ 22.

¶ 32       The instant cause is very similar to *Turner* and merits the same result. As we have already discussed, the evidence before the trial court did not support a conclusion that the State's Attorney's office, which sifted through almost 3,000 pages of documents from 5 different criminal cases requested by plaintiff here and provided him with what he requested (save applicable FOIA exemptions) within 4 months, somehow acted willfully and intentionally and failed to comply with FOIA or otherwise acted in bad faith. Without evidence to counter the trial court's determination in this respect, let alone sufficient evidence to meet the manifest-weight-of-the-evidence standard we are required to follow here, a civil penalty under section 11(j) is not warranted to be awarded to plaintiff or imposed against the State's Attorney's office.

¶ 33       Finally, for the completeness of the record here, we take a moment to address the six "occurrences" plaintiff lists in his brief that, in his view, demonstrated bad faith on the part of the State's Attorney's office and merited civil penalties. We do so only briefly and for the sake of clarity, having already reached our decision, as supported by caselaw.

17

¶ 34    First, plaintiff insists that the State's Attorney's office failed to respond to his FOIA request and/or delayed in processing it. However, as the record demonstrates, the State's Attorney's office did respond to his request and provided him with all the records he sought except for those that were exempt from production or required redaction. Plaintiff does not dispute this and does not show that the State's Attorney's office improperly withheld any records. Second, plaintiff insists that the State's Attorney's office utilized "known impermissible non-exemptions" to "prey on the weaknesses of prison inmates" like himself. However, he does not point to what these "impermissible non-exemptions" are. Conversely, the record shows that the trial court below examined the State's Attorney's office's log of redactions and claimed exemptions and was provided, as well, with the full records, and found no improprieties. Similarly, plaintiff insists as another "occurrence" that the State's Attorney's office intentionally and knowingly refused to disclose all records contained in his criminal files, but again fails to mention what exactly any of these might be, other than (as we gather) some he presumes must exist.

¶ 35    Next, he cites the existence of a conversion claim that should be resolved in his favor because, as he insists, the State's Attorney's office did not provide him with grand jury transcripts or witness medical records from his criminal cases, which are his "property." However, grand jury materials are exempt under FOIA (see *Walker*, 2019 IL App (2d) 170775, ¶ 21), as are medical records from witnesses at trial, which constitute "private information" (see 5 ILCS 140/7(1)(b), (e-9) (West 2018) (this information is categorically exempt from disclosure)). Likewise, there is no merit to his last two cited "occurrences," one

18

in which he claims the State's Attorney's office owes him compensation for placing him "in a position of danger" by "making him vulnerable" to "relentless targeting" in the form of "emotional distress, chronic depression, anxiety, PTSD, sleep deprivation, headaches, etc.," and the other in which he insists the State's Attorney's office made misrepresentations in its motion to dismiss before the trial court that such costs were not recoverable. Plaintiff presents absolutely no caselaw, and we have found none, that would award him for the mental distress he claims. Rather, and as we have discussed at length, statutorily, plaintiff is only potentially entitled under FOIA to attorney fees (section 11(i)) and civil penalties (section 11(j)). This is what the State's Attorney's office argued below, and we fail to see how this can be classified as a misrepresentation or how plaintiff, in light of the clear statutory language of FOIA, would be entitled to such other "costs" not contemplated by the statute. Ultimately, none of the six "occurrences" plaintiff cites in his brief merits the reversal of the trial court's dismissal order herein nor the award of penalties against the State's Attorney's office he now seeks.

¶ 36                                    CONCLUSION

¶ 37        Accordingly, for all the foregoing reasons, we affirm the judgment of the trial court.

¶ 38        Affirmed.