**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210270-U

Order filed June 7, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| JOHN KRAFT and EDGAR COUNTY WATCHDOGS, INC., | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiffs-Appellants, | ) | |
| | ) | Appeal No. 3-21-0270 |
| v. | ) | Circuit No. 19-CH-146 |
| | ) | |
| CITY OF KANKAKEE, | ) ) | The Honorable Adrienne W. Albrecht, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: (1) Trial court properly dismissed plaintiffs' FOIA complaint as moot where plaintiffs received all documents requested; (2) plaintiffs were not entitled to attorney fees and costs where they did not prevail in FOIA action; and (3) civil penalties were not appropriate where City's denial of request did not violate FOIA.

¶ 2      Plaintiff John Kraft, on behalf of Edgar County Watchdogs, Inc., submitted a request for documents, pursuant to the Illinois Freedom of Information Act (FOIA), to defendant City of Kankakee, seeking "all sales tax sharing agreements/settlements" approved by the City Council. The City initially denied the request, stating that there were no such documents in its possession.

Plaintiffs then filed a complaint against the City alleging that it violated FOIA. Before plaintiffs served the City with their complaint, the City provided plaintiffs with two signed agreements responsive to their FOIA request. A few months later, the City provided plaintiffs with three more documents responsive to their FOIA request. The City then filed a motion to dismiss plaintiffs' FOIA complaint, which the trial court granted. Plaintiffs appeal, arguing that the trial court erred in (1) dismissing their complaint, and (2) not ordering the City to pay attorney fees and civil penalties. We affirm.

¶ 3                                    BACKGROUND

¶ 4        On July 11, 2019, Kraft, on behalf of Edgar County Watchdogs, Inc., submitted a FOIA request to defendant City of Kankakee, seeking, in part: "Copy of all sales tax sharing agreements/settlements approved at a city council within the past 30 days." On July 24, 2019, the City responded to the request by denying it and stating: "The City is not in possession of agreements that have been entered into by the City and any other party. *** The City has not entered into, nor it is in possession of, settlement agreements because all parties have not signed and executed such agreements."

¶ 5        On August 1, 2019, plaintiffs filed a complaint in circuit court alleging that the City "willfully and intentionally violated FOIA" by improperly responding to its July 11, 2019 FOIA request. Plaintiffs requested an order requiring the City to produce the requested records, reimburse them for their attorney fees and costs, and pay civil penalties.

¶ 6        On September 11, 2019, the City received two signed sales tax sharing settlement agreements. The following day, the City sent plaintiffs a supplemental FOIA response, providing plaintiffs with the two signed agreements. On October 22, 2019, plaintiffs served their FOIA complaint on the City. On January 24, 2020, counsel for the City entered an appearance. On

2

January 28, 2020, the City provided plaintiffs another supplemental FOIA response, tendering three more signed agreements to plaintiffs. With that response, plaintiffs were in receipt of all documents they sought in their July 11, 2019 FOIA request.

¶ 7     On April 8, 2020, the City filed a motion to dismiss plaintiffs' complaint, pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2020)), asserting (1) plaintiffs' FOIA claim was moot because the City had provided plaintiffs with all the documents they sought in their FOIA request; (2) the City properly denied plaintiffs' request when it was filed because the agreements were not yet executed; and (3) the City did not willfully and intentionally violate FOIA or act in bad faith in initially denying plaintiffs' FOIA request.

¶ 8     On February 23, 2021, the trial court granted the City's motion to dismiss, stating:

"This court finds that concerning the settlement documents requested by Plaintiff, no such settlement agreements came into existence until they were executed by all parties, and the City did not violate the Freedom of Information Act by producing the settlement agreements shortly following the receipt of the executed copies of the agreements."

Plaintiffs filed a motion to reconsider, which the trial court denied.

¶ 9                                   ANALYSIS

¶ 10     The City argues that plaintiffs' FOIA complaint became moot when plaintiffs received all the documents they requested. Plaintiffs respond that (1) their FOIA complaint was not moot, and (2) the court should have ordered the City to pay attorney fees and civil penalties for violating FOIA.

¶ 11 A motion to dismiss under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) challenges the legal sufficiency of the complaint and is proper where the complaint fails to state a claim for which relief may be granted. *Turner v. Joliet Police Department*, 2019 IL App (3d) 170819, ¶ 9. A section 2-619 (735 ILCS 5/2-619 (West 2020)) motion to dismiss admits the legal sufficiency of the complaint but asserts an affirmative matter that avoids or defeats the claim. *Turner*, 2019 IL App (3d) 170819, ¶ 9. We review dismissals under both sections *de novo*. *Id*.

¶ 12 Pursuant to FOIA, all records in the custody of a public body are presumed open to inspection or copying. *Id*. ¶ 10; 5 ILCS 140/1.2 (West 2020). When a public body denies a FOIA request, it must notify the requester in writing regarding its denial and provide the reasons for the denial. *Id*. § 140/9. A person denied access to inspect or copy a public record by a public body may file suit for injunctive or declaratory relief. *Id*. § 140/11(a). If an individual "prevails" in such a proceeding, "the court shall award such person reasonable attorney's fees and costs." *Id*. § 11(i). Additionally, "[i]f the court determines that a public body willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence." *Id*. § 11(j).

¶ 13                                    I. Mootness

¶ 14 "A claim is moot when no actual controversy exists or events occur which make it impossible for a court to grant effectual relief." *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 782 (1999). Once the plaintiffs have received what they sought, their action should be dismissed as moot. *Id.*; *Turner,* 2019 IL App (3d) 170819, ¶ 12. The mootness doctrine applies to FOIA claims once the requested records have been provided to the plaintiffs. See *Turner,* 2019 IL App (3d) 170819, ¶ 12; *Roxana Community Unit School District No. 1 v.*

4

*Environmental Protection Agency*, 2013 IL App (4th) 120825, ¶ 42. We review *de novo* whether a case is moot. *Turner,* 2019 IL App (3d) 170819, ¶ 12.

¶ 15 Here, plaintiffs' FOIA request sought "all sales tax sharing agreements/settlements" approved by the City Council. While the City initially denied that request because it had no signed agreements/settlements in its possession, the City eventually provided plaintiffs with "all sales tax sharing agreements/settlements" approved by the City Council and signed by all necessary parties. Once plaintiffs received all the documents they requested, the controversy ceased to exist. See *Duncan Publishing, Inc.*, 304 Ill. App. 3d at 782; *Turner*, 2019 IL App (3d) 170819, ¶ 12. The City's production of the documents made it unnecessary for the trial court to grant the relief requested by plaintiffs. See *Roxana Community Unit School District No.1*, 2013 IL App (4th) 120825, ¶ 42; *Turner,* 2019 IL App (3d) 170819, ¶ 12. Thus, plaintiffs' claim is moot, and the trial court properly dismissed it pursuant to section 2-619(a)(9) of the Code. See 735 ILCS 5/2-619(a)(9) (West 2020); *Turner*, 2019 IL App (3d) 170819, ¶ 13.

¶ 16 II. Fees and penalties

¶ 17 Plaintiffs contend that even if their FOIA complaint was moot, the court should have ordered the City to pay attorney fees and civil penalties. The City responds that plaintiffs were not entitled to attorney fees or civil penalties under FOIA.

¶ 18 Requests for attorney fees and civil penalties under FOIA survive even if the underlying FOIA claim is moot. *Turner*, 2019 IL App (3d) 170819, ¶ 17; *Roxana Community School Unit School District No. 1 v. Environmental Protection Agency*, 2013 IL App (4th) 120825, ¶ 42. Therefore, we address plaintiffs' claims for attorney fees and civil penalties.

¶ 19 A. Attorney Fees

5

¶ 20    Section 11(i) of FOIA provides that if a requester "prevails in a proceeding under this Section, the court shall award such person reasonable attorney's fees and costs." 5 ILCS 140/11(i) (West 2020). A plaintiff who does not prevail on a FOIA claim is not entitled to attorney fees and costs. See *id*.; *Timpone v. Illinois Student Assistance Comm'n*, 2019 IL App (1st) 181115, ¶ 42; *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 40. For a party to be entitled to attorney fees and costs under FOIA, "nothing less than court-ordered relief" is required. *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879, ¶ 40. Where the public body releases the requested documents before the court orders it to do so, attorney fees and costs cannot be recovered by the plaintiff. See *id*.

¶ 21    Here, the City provided all the requested documents to plaintiffs by January 28, 2020, without a court order requiring it to do so. Under these circumstances, plaintiffs did not prevail in their FOIA action and, therefore, were not entitled to attorney fees and costs. See *id.*; 5 ILCS 140/11(i) (West 2020); *Timpone*, 2019 IL App (1st) 181115, ¶ 42; *Garlick*, 2018 IL App (2d) 171013, ¶ 40.

¶ 22                                B. Civil Penalties

¶ 23    Under section 11(j) of FOIA (5 ILCS 5/11(j) (West 2020)), plaintiffs are entitled to civil penalties if they can show a public body willfully, intentionally and in bad faith failed to comply with FOIA. *Williams v. Bruscato*, 2021 IL App (2d) 190971, ¶ 14. "[T]o warrant the imposition of a civil penalty under section 11(j), the public body not only must have intentionally failed to comply with the FOIA but must have done so deliberately, by design, and with a dishonest purpose." *Williams*, 2021 IL App (2d) 190971, ¶ 15.

¶ 24    Whether a public body willfully, intentionally and in bad faith failed to comply with FOIA is reviewed under the manifest-weight-of-the-evidence standard. *Rock River Times*, 2012 IL App

6

(2d) 110879, ¶ 48. A trial court's decision is against the manifest weight of the evidence "only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence." *Judgment Services Corp. v. Sullivan*, 321 Ill. App. 3d 151, 154 (2001).

¶ 25 A plaintiff cannot maintain a cause of action under FOIA where the records sought did not exist at the time of the FOIA request. See *Walker v. Bruscato*, 2019 IL App (2d) 170775, ¶ 45. The nonexistence of requested documents is a cognizable defense to a FOIA complaint. *Bocock v. Will County Sheriff*, 2018 IL App (3d) 170330, ¶ 52. Additionally, a public body does not violate FOIA by failing to produce documents in its possession that do not fit within the parameters of the documents specified in the FOIA request. See *Harwood v. McDonough*, 334 Ill. App. 3d 242, 249-50 (2003) (plaintiff's FOIA request for "invoices" concerning the cost of a specified report required Department of Commerce and Community Affairs to produce only "invoices", not all documents, including unsigned contracts, in its possession related to the cost of the report).

¶ 26 An "agreement" is "a contract duly executed and legally binding on the parties making it." The Oxford English Dictionary, Vol. 1, 191 (1989); see also Webster's Third New International Dictionary 43 (1976) (defining "agreement" as "a contract duly executed and legally binding on the parties entering into it"). Where the parties intend that an agreement not be final until it is reduced to writing and executed, no final agreement exists until a written agreement has been signed by all parties. *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 288 (1990) (quoting *Baltimore & Ohio Southwestern R.R. Co. v. People ex rel. Allen*, 195 Ill. 423 (1902)). This is true even if the parties have agreed on all terms of the contract. *Id*.

¶ 27 Here, plaintiffs requested copies "of all sales tax sharing agreements/settlements approved at a city council within the past 30 days." The City denied the request stating that it was in possession of no such documents because "all parties have not signed and executed such

7

agreements." This response was reasonable based on plaintiffs' request. Plaintiffs did not seek "all documents related to potential or contemplated sharing agreements/settlements" but sought only "agreements/settlements" themselves. The City reasonably construed the term "agreement" to mean only final documents signed by all parties. See *Quake Construction, Inc.*, 141 Ill. 2d at 288; The Oxford English Dictionary, Vol. 1, 191; Third New International Dictionary, 43. The City did not possess any duly executed agreements/settlements at the time of plaintiffs' FOIA request; therefore, the City did not violate FOIA. See *Harword*, 344 Ill. App. 3d at 249-50.

¶ 28    Civil penalties under FOIA are available only when a public body willfully, intentionally and in bad faith fails to comply with FOIA. See 5 ILCS 140/11(j) (West 2020); *Williams*, 2021 IL App (2d) 190971, ¶ 14. Here, the City complied with FOIA. Thus, plaintiffs were not entitled to civil penalties.

CONCLUSION

¶ 29    The judgment of the circuit court of Kankakee County is affirmed.

¶ 30    Affirmed.